UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

JOHN THOMAS GOFF, : CASE NO. 1:18-CV-0671
:
Plaintiff, :
:
vs. : ORDER
: [Resolving Doc. No. 2]
WARDEN LASHAUNN EPPINGER, *et al.*,:
:
Defendants. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff John Thomas Goff a Motion for Temporary Restraining Order (Doc No. 2). His Motion is very vague and simply refers the Court to his Complaint. His Complaint is also vague, and does not specify what he believes the Defendants are doing or not doing that impedes the practice of his religion. Instead, Plaintiff refers the Court to 97 pages of exhibits attached to his Complaint. This will not suffice to support either the Motion or the Complaint. Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiff's responsibility to edit and organize his claims and supporting allegations into a manageable format.[1]

Furthermore, "the purpose of a temporary restraining order is always to prevent irreparable injury in order to preserve the Court's ability to render a meaningful decision on the

---

[1] *Laster v. Pramstaller*, No. 08–CV–10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (citing *Windsor v. Colorado Dep't. of Corr.*, 9 Fed. App'x. 967, 968 (10th Cir.2001) (quotation marks omitted)).

merits."[2] To determine whether a temporary restraining order should issue, the Court must consider four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest.[3] The decision to issue a temporary restraining order falls within the sound discretion of the Court.[4]

It is difficult to weigh these factors given the limited allegations in Plaintiff's Motion and Complaint. It nevertheless appears from the exhibits that Plaintiff, who is Jewish, contends that although he is receiving prepackaged kosher meals and kosher for Passover meals, other inmates in the dining hall are eating non-kosher foods allowing potential cross contamination. First, Plaintiff indicates he entered Grafton Correctional Institution in April 2017. He filed this action a year later and does not allege anything has changed in that time period. There is no suggestion that irreparable injury will occur if relief is not immediately granted prior to payment of the filing fee and prior to litigation of this case. Furthermore, while he offers as a possible solution, he does not allege facts to suggest what practices the prison is currently following and what accommodations, if any, they have offered to address his concerns. Without any of this information, the Court cannot determine whether the current practice places a substantial burden on Plaintiff's exercise of his religion and therefore cannot determine his likely success on the merits of his claims. The Motion is denied without prejudice.

---

[2] *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir.1998) ( citing *Stenberg v. Checker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).
[3] *Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Rock & Roll Hall of Fame & Museum v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998).
[4] *See Friendship Materials, Inc. v. Michigan Brick, Inc*., 679 F.2d 100, 102 (6th Cir. 1982).

Accordingly, Plaintiff is ordered to file an Amended Complaint that includes his factual allegations and legal claims within the body of his pleading.  He cannot rely solely on exhibits and expect the Court to piece together claims on his behalf.  He shall have thirty (30) days from the date of this Order to file a legally viable pleading.  Failure to comply with this Order may result in dismissal of this action without further notice.

      IT IS SO ORDERED.


Dated: March 30, 2018                      *s/     James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE