UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
JOHN THOMAS GOFF,                           : CASE NO. 1:18-CV-0671
                                            :
        Plaintiff,                         :
                                            :
vs.                                         : OPINION & ORDER
                                            :
WARDEN LASHAUNN EPPINGER, et al.,           :
                                            :
        Defendants.                        :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff John Thomas Goff filed this action against Grafton Correctional Institution ("GCI") Warden LaShaunn Eppinger, GCI Deputy Warden of Special Services Ronald Armbruster, GCI Chaplain Ronald Smith, and Ohio Department of Rehabilitation and Correction ("ODRC") "RL" Dr. Michael Davis. His initial Complaint and Motion for Temporary Restraining Order were vague and did not contain much factual information. Instead, Plaintiff attached 97 pages of exhibits from which he intended the Court to glean a factual basis for his claims. He asserted violation of his First and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. He requested only injunctive relief. This Court ordered Plaintiff to file an Amended Pleading that includes all of his legal claims and all of the factual allegations that support those claims.

    On April 23, 2018, Plaintiff's sister Lynne Benek, using a Power of Attorney, signed and filed an Amended Complaint on Plaintiff's behalf. Unfortunately, this document cannot be used

as Plaintiff's Amended Complaint. Cases in federal courts may be filed and litigated only by the parties personally or through licensed attorneys. An unlicensed layman cannot represent anyone in federal court other than herself. The Plaintiff's signature is required to invoke this Court's subject matter jurisdiction over the pleading. Because Plaintiff did not personally sign the Amended Complaint, this Court cannot consider it and is left only with the Original pleading.

## I. Background

Plaintiff indicates his religion of record has always been Judaism. It appears he identified as a Messianic Jew at some point, but states he dropped that designation and now practices a conservative form of the Jewish faith. (Doc No. 1 at 3). Plaintiff indicates he entered GCI in April 2017. He states he presented the Chaplain with his religious accommodation form from the ODRC and began receiving kosher food. He states that in December 2017, he became aware that GCI had been violating Jewish dietary restrictions with respect to Passover, but he does not elaborate on what those violations were. The only explanation he provides is that having a non-kosher kitchen renders kosher food non-kosher, particularly at Passover. He states he completed a request for religious accommodations, but the Chaplain did not follow policy by failing to address the request in a timely manner. He does not specify what accommodations he requested. He alleges that in the past, GCI has allowed inmates to bring their meals back to the housing units during Jewish and Muslim fasts, pagan feasts, medical lay-ins, and work details that extend through meal times. It is possible this is at least one of the accommodations he requested. He states that while he would prefer the recommended remedy all year, he is only asking the Defendants to provide this accommodation for the eight days of Passover each year.

2

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

## III. Analysis

As an initial matter, Plaintiff did not allege any facts pertaining to Eppinger, Armbruster, or Davis. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.[7] It is possible they are named as Defendants because they hold

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Neitzke*, 490 U.S. at 327.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4] *Id.* at 678.
[5] *Id.*
[6] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[7] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

supervisory positions in the prison or the ODRC. Being a supervisor, alone, is not a basis for liability under 42 U.S.C. § 1983.[8] Plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the action.[9] Plaintiff must allege facts suggesting each of these Defendants personally encouraged or condoned the actions of their employees.[10] Nothing in the Complaint suggests Eppinger, Armbruster or Davis actively participated in the decision to deny the accommodations.

Plaintiff also fails to state a claim for relief under the RLUIPA. Section 3 of RLUIPA provides in pertinent part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."[11] Because the RLUIPA specifically addresses government action, it does not provide a cause of action against individual defendants.[12] Plaintiff cannot proceed with this claim against the named individual Defendants.

Finally, although Plaintiff does not allege specifically to which of the prison's practices he objects, it appears to concern the handling of Kosher and non-Kosher food during Passover. He suggests this practice rendered his food non-Kosher for Passover. To the extent Plaintiff seeks a Temporary Restraining Order, his request is denied for the reasons stated in this Court's Order on March 30, 2018 (Doc. No. 4). Plaintiff, however, has stated a plausible claim for relief

---

[8] *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)).
[9] *Id*.
[10] *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995).
[11] 42 U.S.C. § 2000cc-1(a)(1)-(2).
[12] *Colvin v. Caruso*, 605 F.3d 282, 288 (6th Cir. 2010).; *Cardinal v. Matrish*, 564 F.3d 794, 801 (6th Cir. 2009); *see also Ervin v. Davis,* No. 2:16-CV-186, 2017 WL 2573251, at *3 (S.D. Ohio June 14, 2017)

under the First Amendment against the Chaplain Ronald Smith. This action shall proceed solely against Smith on Plaintiff's First Amendment claims.

## IV. Conclusion

Accordingly, Plaintiff's claims against Eppinger, Armbruster and Davis are dismissed under 28 U.S.C. §1915(e). His claims against all Defendants under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, are also dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[13] The Clerk's Office shall forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon Smith.

IT IS SO ORDERED.

Dated: June 26, 2018            *s/ James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[13] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.