UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

|  |  |  |
|---|---|---|
| JOHN THOMAS GOFF, | : | CASE NO. 1:18-cv-671 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 1, 10] |
| WARDEN LASHAUNN | : |  |
| EPPINGER, *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff John Thomas Goff, proceeding *pro se* and *in forma pauperis*, brings 42 U.S.C. § 1983 claims against Defendant Ronald Smith who is the Grafton Correctional Institution Chaplain, seeking injunctive relief for religious accommodations.[1]  Defendant filed an unopposed motion to dismiss Plaintiff's First Amendment claims under Federal Rule of Civil Procedure 12(b)(6).[2]

For the following reasons, the Court **GRANTS** Defendant Smith's motion to dismiss the First Amendment claims under Rule 12(b)(6), and **DISMISSES** Plaintiff's Fourteenth Amendment claims under 28 U.S.C. §§ 1915(e)(2) and 1915A.  Accordingly, the Court need not consider whether the requested permanent injunction is proper, and dismisses the action.

### I. Legal Standard

A complaint is subject to dismissal under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted.  To survive dismissal, a complaint "must present 'enough facts to state a claim to relief that is plausible on its face'" when its factual allegations are presumed true and all

---

[1] Doc. 1.

[2] Doc. 10.

reasonable inferences are drawn in favor of the non-moving party.[3]

District courts must dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, under § 1915A, if the court concludes that the complaint fails to state a claim.[4]  Similarly, § 1915(e)(2) requires the court to dismiss *in forma pauperis* actions at any time on the same ground.[5]

Although pleadings filed by *pro se* litigants are "liberally construed" and held to a less stringent standard than pleadings drafted by lawyers,[6] *pro se* plaintiffs must still meet the basic pleading requirements.[7]  Courts are not required to conjure allegations on their behalf.[8]

## II. Procedural Background

Plaintiff sues Smith and others with claims that Chaplain Smith denied Plaintiff Goff religious rights by failing to provide Goff with kosher meals for a few meals and by failing to comply with religious accommodation request procedures.  On June 26, 2018, the Court dismissed certain claims and Grafton Correctional Institution Defendants from the action under §§ 1915(e)(2) and 1915A.[9]  The Court, however, permitted the action to proceed against Defendant Smith on the First Amendment claims.  In doing so, it indicated that Plaintiff Goff had stated a plausible claim for

---

[3] *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *See* 28 U.S.C. § 1915A; *Siller v. Dean*, 205 F.3d 1341, 2000 WL 145167, at *2 (6th Cir. 2000) (unpublished table decision).

[5] *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .").

[6] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[7] *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

[8] *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

[9] Doc. 7.  Plaintiff Goff sued Grafton Correctional Institution ("GCI") Warden LaShaunn Eppinger, GCI Deputy Warden of Special Services Ronald Armbruster, GCI Chaplain Ronald Smith, and Ohio Department of Rehabilitation and Correction ("Department") "RL" Dr. Michael Davis.  Doc. 1 at 1.  In the June 26, 2018 Order, the Court recognized that Plaintiff alleged violations of his First and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and that he requested only injunctive relief.  Doc. 7 at 1.

The Court proceeded to dismiss all claims against Defendants Eppinger, Armbruster, and Davis; dismissed the RLUIPA claim; and denied the request for a temporary restraining order.  *See* Doc. 7 at 3–4.

relief.[10]

The Court now clarifies that the statement about the plausibility of the First Amendment claim was *dicta*. Courts should rule only upon issues raised by the parties. At the time of the June 26, 2018 Order, Defendant Smith had not yet been served,[11] let alone filed a motion to dismiss.

The Court also now acknowledges that its June 26, 2018 Order recognized the existence of,[12] but failed to address, Plaintiff's § 1983 Fourteenth Amendment claims when conducting the preliminary screening. Thus, Defendant did not move to dismiss these claims. Accordingly, in addition to addressing Defendant Smith's motion to dismiss the First Amendment claims, the Court addresses Plaintiff's Fourteenth Amendment claims pursuant to §§ 1915(e)(2) and 1915A.

### III. Discussion

The Court considers Plaintiff Goff's § 1983 claims against Defendant Chaplain Ronald Smith alleging First Amendment free exercise and retaliation violations and Fourteenth Amendment due process and equal protection violations.

To state a claim under § 1983, a plaintiff must allege "that a person acting under the color of state law deprived them of a right secured by the Constitution or laws of the United States."[13]

"Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."[14] The behavior of others cannot be ascribed to a defendant.[15]

---

[10] *See* Doc. 7 at 4–5 ("Plaintiff, however, has stated a plausible claim for relief under the First Amendment against the Chaplain Ronald Smith. This action shall proceed solely against Smith on Plaintiff's First Amendment claims.").

[11] The Summons, Complaint, USM Form, and Opinion and Order was issued to the U.S. Marshal on June 26, 2018 for service upon Defendant Ronald Smith. Docket Entry Text, Doc. 8. Defendant Smith received it on July 3, 2018. Doc. 11.

[12] Doc. 7 at 1.

[13] *Dorsey v. Barber,* 517 F.3d 389, 394 (6th Cir. 2008) (citing *Smoak v. Hall,* 460 F.3d 768, 777 (6th Cir. 2006)).

[14] *Heyerman v. Cnty. of Calhoun,* 680 F.3d 642, 647 (6th Cir. 2012).

[15] *Gibson v. Matthews,* 926 F.2d 532, 535 (6th Cir.1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants").

## A. First Amendment Claims

Plaintiff Goff claims § 1983 First Amendment violations[16] based on allegations that Defendant Smith did not include Goff's name on a kosher meal approval list, causing Goff to receive non-kosher offerings for a few meals; that Defendant has failed to respond to Plaintiff's religious accommodation requests, violating Ohio Department of Rehabilitation and Correction ("Department") policies and potentially preventing Plaintiff from observing the soon-approaching Passover; and that the Department may use certain practices to deter Plaintiff Goff from seeking legal remedies.

### 1. Free Exercise of Religion

A prison inmate must have a reasonable opportunity to exercise his First Amendment religious freedom guarantees.[17] The inmate's rights, however, are limited by "the fact of incarceration and from valid penological objectives."[18]

First, Defendant Smith's alleged delay in adding Plaintiff to the kosher meal-approval list, causing Plaintiff to "miss[] a few meals,"[19] did not deprive Plaintiff of a reasonable opportunity to exercise his religion. Ohio used a kosher-meal list "to verify persons receiving kosher meals." Ohio also required inmates to document their religious need for kosher food. Although Plaintiff missed kosher meals for a few meals, Plaintiff received the kosher meals once Plaintiff produced his kosher approval papers.[20]

---

[16] Defendant addresses a hypothetical § 1983 Eighth Amendment claim in its motion to dismiss. Doc. 10 at 5–6. Plaintiff's Complaint does not appear to assert an Eighth Amendment violation, but even if it did, his allegations do not state a claim for it. Defendant Smith's leaving Plaintiff's name off of the list used to verify persons receiving kosher meals, which caused Plaintiff to miss only a few meals until he produced his Kosher-meal approval papers, is not a sufficiently serious deprivation to satisfy the objective component of an Eighth Amendment prison claim. *See Wilson v. Seiter,* 501 U.S. 294, 298–99 (1991). The Eighth Amendment protects prisoners against conditions of confinement that constitute health threats, such as "deprivations of essential food, medical care, or sanitation." *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981). But it does not protect against conditions that cause mere discomfort or inconvenience. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (requiring extreme or grave deprivation).

[17] *Hudson v. Palmer,* 468 U.S. 517, 523 (1984) (citing *Cruz v. Beto,* 405 U.S. 319 (1972) (per curiam)).

[18] *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987) (citing *Pell v. Procunier,* 417 U.S. 817, 822–23 (1974)).

[19] Doc. 1 at 2.

[20] *Id.*

Despite the short delay in providing kosher meals, Ohio's practice for confirming religion-based food substitutions was rationally related to a valid penological interest.[21]

The brief failure to provide kosher food is also insufficient to constitute a constitutional violation. Although "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions," a diet is considered adequate so long as it "is sufficient to sustain the prisoner in good health."[22] Here, Plaintiff only missed a few meals, and he does not allege any adverse health impact from this episode. To the contrary, he states that he "didn't make a big thing of [missing the meals]" at the time.[23] The allegations of Defendant Smith's delayed addition of Plaintiff to the kosher meal list does not state a free exercise claim.

Second, according to the Complaint and its many exhibits, Plaintiff in December 2017 requested kosher meals and chapel access for Passover[24] under Department policies.[25] Defendant allegedly did not respond to the requests. Plaintiff says this violates the Institution's responsibilities under the policies.[26] Plaintiff alleges he cannot observe Passover if his requests are not accommodated.[27]

This claim is not ripe for judicial review. The Complaint was signed on March 8, 2018 and filed on March 23. Yet the alleged deprivation of Plaintiff's right to exercise his Jewish faith would

---

[21] *See Russell v. Wilkinson*, 79 F. App'x 175, 177 (6th Cir. 2003) ("[T]he prison policy of not providing [Plaintiff] kosher meals may be permissible if it is reasonably related to a legitimate penological interest.").

[22] *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (quoting *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002)).

[23] Doc. 1 at 2 (admitting that, at the time, Plaintiff Goff "didn't make a big thing of [missing the meals]").

[24] *See* Ex. H, Doc. 1-9; Ex. I, Doc. 1-10; Ex. J, Doc. 1-11.

[25] *See* Ex. B, Doc. 1-4; Ex. C, Doc. 1-5; Ex. E, Doc. 1-6. Plaintiff appears to correctly note that Department Policy 72-REG-07 requires the Department to "accommodate kosher dietary restrictions to recognized Jewish inmates pursuant to DRC Policy 72-REG-02 Religious Accommodations." Ex. E, Doc. 1-6 at 2. This policy instructs inmates desiring an accommodation to complete the Request for Religious Accommodation form (DRC4326), and submit it to the chaplain, who thereafter meets with the inmate to discuss the request. Ex. C, Doc. 1-5 at 2–3. The chaplain then must refer the request and his recommendation to the review committee within 14 days. *Id.* at 3. The committee thereafter makes a recommendation to the Managing Officer or other designee, who either makes the final decision or returns the matter to the committee for further consideration. *Id.* at 3–4. After a final decision, the inmate receives a copy of it and is permitted to appeal and object to any recommendation. *Id.* at 4.

[26] *See* Doc. 1 at 2.

[27] *Id.* ("Failure to grant this would render myself with no way to observe the Pesach Seder, and contaminate the foods provided making them non-kosher. This would require me to refuse to eat for eight days . . . .").

not occur until Passover and would not occur before the complaint was filed.[28]

Plaintiff has not properly amended his complaint to flesh out any factual allegations regarding Passover limitations. Thus, the alleged deprivation of a federal right may or may not have occurred.

The Court dismisses without prejudice the § 1983 free exercise claim relating to Defendant Smith's alleged noncompliance with the religious accommodation request procedure. Plaintiff may re-file this case if Defendant Smith's noncompliance did in fact deprive him of the opportunity to observe Passover.

### 2. Retaliation

Plaintiff alleges that certain practices are used by the Department[29] to deny or deter prisoners' access to legal remedies. This allegation does not state a § 1983 retaliation claim against Defendant Smith.[30] It neither alleges that Defendant Smith specifically took adverse action to deter Plaintiff from engaging in this conduct,[31] nor that it was actually taken against him personally. The Court therefore dismisses the § 1983 retaliation claim under Rule 12(b)(6).

### B. Fourteenth Amendment Claims

Plaintiff alleges that Defendant Smith's noncompliance with the religious accommodation request procedure violates his due process rights and equal protection guarantees.[32]

To state a procedural due process claim, a plaintiff first must identify some liberty or

---

[28] *See* Doc. 10 (requesting "Kosher for Pesac meals using the Traditional Jewish Calendar for March 30, 2018 @11:17AM thru April 7, 2018 @8:15PM").

[29] Doc. 1 at 3 (claiming that legal action elicits the Department to use certain practices, such as "frequent cell moves, segregation placements, segregation for investigations ( no cause needed to be explained) and institutional transfers," to deny prisoners access to legal remedies).

[30] *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (requiring a showing that (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct" (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999))).

[31] *Gibson,* 926 F.2d at 535 (explaining that the behavior of others cannot be ascribed to a defendant).

[32] Doc. 1 at 4.

property interest that a state actor has denied, and then show that he was not afforded adequate procedural rights before the deprivation.[33]  Even if the Court assumes, without deciding, that Plaintiff has a sufficient liberty interest in the requested religious accommodations, Plaintiff does not allege that Defendant actually denied him this liberty interest.  Rather, he alleges that he may soon be denied the interest if his requests are not accommodated.  This claim is not ripe for adjudication.

In addition, Plaintiff's allegations do not identify a substantive due process violation.  Due Process provides heightened protection against government interference with certain fundamental rights, constitutionally protected liberty interests, and egregious government action that "shocks the conscience."[34]  Plaintiff Goff has not identified government interference with any of the following.  As such, he fails to state a substantive due process claim.

Plaintiff Goff's equal protection claim is analyzed under a standard similar to that for the free exercise claims, and thus it fails for the reasons explained above.  The equal protection guarantee requires that prison officials provide inmates with "reasonable opportunities . . . to exercise the religious freedom guaranteed by the First and Fourteenth Amendment without fear of penalty."[35]  The few missed meals did not deprive Plaintiff of a reasonable opportunity to exercise his religion, and any deprivation from Defendant Smith's alleged noncompliance with the Department's regulations is not ripe for judicial review.

Plaintiff's § 1983 substantive due process claim is dismissed with prejudice, and the § 1983 procedural due process and equal protection claims are dismissed without prejudice.

## Conclusion

For these reasons, the Court **DISMISSES** the § 1983 First Amendment retaliation claim

---

[33] *See Russell,* 79 F. App'x at 178 (citing *Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir.1999)).

[34] *See Bell v. Ohio State Univ.,* 351 F.3d 240, 249–52 (6th Cir. 2003); *Grinter v. Knight,* 532 F.3d 567, 573 (6th Cir. 2008) (citing *Does v. Munoz,* 507 F.3d 961, 964 (6th Cir.2007)).  Further, prisoners have narrower liberty interests than other citizens.  *See Grinter,* 532 F.3d at 573.

[35] *Cruz v. Beto,* 405 U.S. 319, 322 n.2 (1972).

under Rule 12(b)(6), and **DISMISSES WITHOUT PREJUDICE** the § 1983 First Amendment free exercise claim for lack of subject-matter jurisdiction on ripeness grounds.

With respect to the Fourteenth Amendment § 1983 claims, the Court **DISMISSES** the substantive due process claim pursuant to §§ 1915(e)(2) and 1915A, and **DISMISSES WITHOUT PREJUDICE** the procedural due process and equal protection claims for lack of subject-matter jurisdiction on ripeness grounds.

The Court therefore need not consider whether granting the permanent injunction is appropriate, and dismisses the action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: September 12, 2018                    _s/          James S. Gwin_
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE